959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard BRADFORD-BEY, Plaintiff-Appellant,
v.
Benjamin ULEP; Mary L. Cretens; Larry Buege; Lynn A.
Green, Defendants-Appellees.
 No. 91-2392.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Leonard Bradford-Bey, a Michigan state prisoner, requests the appointment of counsel on appeal from a summary judgment for the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bradford-Bey brought this action against defendants, medical personnel of the Michigan Department of Corrections, alleging that they had been deliberately indifferent to his serious medical needs. The district court adopted the magistrate judge's recommendation to grant defendants' motion for summary judgment over Bradford-Bey's objections.
 
 
 3
 Upon consideration, it is concluded that the summary judgment for defendants was proper, as there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 Bradford-Bey argues that defendants did not inform him that he had tested positive for tuberculosis. Review of the medical record shows that, at least in March of 1988, his history of positive reaction was discussed with him and it was explained that his chest X-rays were negative for active tuberculosis. He also claims that departmental policy required that he be given the option of receiving chemoprophylaxis treatment. However, the policy referred to requires that the treatment be made available upon positive testing. In Bradford-Bey's case, the positive test result was in 1981, long before he came under the care of the named defendants in this action.
 
 
 5
 He also claims that he was not treated for tuberculosis for fourteen months, in spite of his complaints of throat pain. The record shows that defendants did not diagnose tuberculosis following physical examination, X-ray of the neck, aspiration of the thyroid, or surgery, but that a pathologist's report after surgery finally uncovered the disease, due to the "unusual clinical presentation" of tuberculosis in his case. Therefore, this complaint is at most one of negligence in diagnosis, which is not a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 106-7 (1976). The cases relied on by Bradford-Bey are distinguishable, in that they all involved a prison physician's failure to follow up on his own recommendation, or refusing to allow a prisoner to see a doctor, or interference with prescribed treatment. Negligence or malpractice does not state an Eighth Amendment claim. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.